CHERYL REED JOHNSON
8326 SWAN MEADOW
HUMBLE, TEXAS 77338

United States Courts
Southern District of Texas
FILED

OCT 2 0 2009

Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS – HOUSTON

| | |
|---|---|
| CHERYL REED JOHNSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Cause No: unassigned |
| EQUIFAX INFORMATION SERVICES, TRANS ) | |
| UNION LLC, EXPERIAN INFORMATION ) | |
| SOLUTIONS, CSC CREDIT SERVICES, CHASE, ) | |
| CONNS CREDIT CORP, BANKFIRST, FNCC, ) | |
| FIRST PREMIER BANK, EMC MORTGAGE, ) | |
| SPORT AUTO BROKERAGE, RJM ACQ LLC, ) | COMPLAINT |
| PALISADES COLLECTION LLC, ARROW FINCL, ) | |
| MIDLAND CREDIT MANAGEMENT, AFNI, ) | |
| CREDIT MANAGEMENT L.P., ASSET ) | |
| ACCEPTANCE LLC, FIRST NATIONAL BANK, ) | |
| MONEY CONTROL, AQUA FINANCE, INC, ) | |
| SPORT LEASING ) | |
| ) | |
| Defendant ) | |

Upon information and belief, and in good faith, Plaintiff, CHERYL REED JOHNSON alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages based upon Defendants' violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681 et seq. and the Federal Debt Collections Practices Act ("FDCPA"). Plaintiff seeks an award of statutory damages, actual damages, punitive damages, and costs.

[Summary of pleading] – 1

Case 4:09-cv-03383   Document 1   Filed on 10/20/09 in TXSD   Page 2 of 8

## JURISDICTION

2. The jurisdiction of this court is conferred by 15 U.S.C., 1681 (p) and 28 U.S.C. 1331. Venue lies in Harris County in the U.S. District Court, Southern District of Texas – Houston.

## PARTIES

3. Plaintiff CHERYL REED JOHNSON (hereinafter " I" or "Plaintiff") is a resident of Houston, Texas. Plaintiff is a " Consumer" as defined by FCRA 1681 (a) of the FCRA.
4. Defendant <u>Trans Union LLC</u> (hereinafter "Trans Union") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681 (f). Trans Union is authorized to do business in the State of Texas, with its principal place of business located at 555 West Adams, Chicago, Illinois 60661.
5. Defendant <u>Experian Information Solutions</u> (hereinafter "Experian") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681 (f). Experian is authorized to do business in the State of Texas, with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.
6. Defendant <u>Equifax Information Services LLC</u> (hereinafter "Equifax Information Services") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681 (f). Experian is authorized to do business in the State of Texas, with its principal place of business located at 1550 Peachtree Street, NW Atlanta, Georgia 30309.
7. Defendant <u>Credit Control Corporation</u> is a "debt collector" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681 (b) and a "reseller" as defined by FCRA 1681a (u). <u>RJM Credit Control Corporation</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one of more consumer reporting agencies about consumer reporting agencies about consumer transactions or experiences with any consumer.
8. Defendant <u>PALISADES COLLECTION LLC</u> is a "debt collector" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681 (b) and a "furnisher" of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
9. Defendant <u>MONEY CONTROL</u> is a "debt collector" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681 (b) and a "furnisher" of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
10. Defendant <u>CREDIT MANAGEMENT LP</u> is a "debt collector" as defined by FDCPA 1692a (6), a

[Summary of pleading] – 2

"person" as defined by FCRA 1681 (b) and a "furnisher" of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

11. Defendant MIDLAND CREDIT MANAGEMENT is a "debt collector" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681 (b) and a "furnisher" of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
12. Defendant ARROW FINANCIAL SERVICES is a "debt collector" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681 (b) and a "furnisher" of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
13. Defendant ASSET ACCEPTANCE LLC is a "debt collector" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681 (b) and a "furnisher" of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
14. Upon information and belief, Defendant BANKFIRST is a "furnisher" of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
15. Upon information and belief, Defendant CHASE is a "furnisher" of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
16. Upon information and belief, Defendant CONNS CREDIT CORP is a "furnisher" of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
17. Upon information and belief, Defendant SPORT AUTO BROKERAGE is a "furnisher" of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
18. Upon information and belief, Defendant FIRST PREMIER BANK is a "furnisher" of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

19. Upon information and belief, Defendant <u>FIRST NATIONAL BANK</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

## FACTUAL ALLEGATIONS

20. On or about April 01, 2005, somehow the Plaintiff's social security # began to merge with a Cheryl Reed, whose social security # is 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.
21. As a result of the merge, several accounts and civil judgment have been placed on my credit report that I have absolutely no dealings with whatsoever.
22. I have consistently reported these inaccurate accounts to Experian, which causes me great grief, and showing me as not being credit worthiness.
23. Plaintiff has since received notices denying credit, refinancing, and opening a checking account based on information obtained in consumer reports from Experian, Trans Union, Equifax Information Services and CSC Credit Services. All of which are reporting inaccurate, fraudulent, erroneous, and adverse information regarding Plaintiff's credit worthiness and banking transactions.
24. As a direct result and proximate cause of Defendant(s)' continued reporting of erroneous, inaccurate, fraudulent and adverse information to the credit reporting agencies, Plaintiff has suffered and continues to suffer damages including but not limited to humiliation, embarrassment, and loss of opportunity.

## CAUSE OF ACTION

25. Plaintiff repeats, alleges, asserts/reasserts, and incorporates by reference the foregoing paragraphs.
26. <u>Trans Union LLC</u> continues to add, store, maintain, and disseminate personal credit information in consumer reports. It prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
27. <u>Trans Union LLC</u> continues to withhold, and/or intentionally, maliciously, and negligently not report positive credit information that it previously reported resulting in defamation and causing financial injury.
28. <u>Trans Union LLC</u> willfully and negligently reinserted removed items on Plaintiff's consumer credit report without notifying Plaintiff in writing 5 business days in violation of FCRA(A)(5)(B)(ii).
29. <u>Trans Union LLC</u> continues to willfully, maliciously, and negligently violate FCRA 1681(e)(b), on multiple occasions.

30. As a result of Trans Unions actions, Plaintiff has had damages.
31. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C 1681o, the costs of the action together with reasonable attorney's fees.
32. Trans Union LLC failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
33. Trans Union LLC failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it compiled, used, and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes, and other economic and predictions data evaluations.
34. As a result of Trans Union's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.
35. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.
36. Experian continues to add, store, maintain, and disseminate personal credit information in consumer reports. It prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
37. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C 1681o, the costs of the action together with reasonable attorney's fees.
38. Experian failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
39. Experian failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it compiled, used, and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes, and other economic and predictions data evaluations.
40. As a result of Experian's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

41. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.
42. Equifax Information Services continues to add, store, maintain, and disseminate personal credit information in consumer reports. It prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
43. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C 1681o, the costs of the action together with reasonable attorney's fees.
44. Equifax Information Services failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
45. Equifax Information Services failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it compiled, used, and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes, and other economic and predictions data evaluations.
46. As a result of Equifax Information Services negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.
47. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.
48. FIRST PREMIER BANK willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
49. AFNI willfully and negligently failed to validate Plaintiff's allege debt and continues to report to Credit Bureau in violation of FDCPA section 809(b).
50. CONNS CREDIT CORP willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
51. EMC MORTGAGE willfully and negligently failed to validate Plaintiff's allege debt and continues to report to Credit Bureau in violation of FDCPA section 809(b).

52. AQUA FINANCE INC willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
53. BANKFIRST willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
54. SPORT AUTO BROKERAGE willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiff credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).
55. MIDLAND CREDIT willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
56. ARROW FINANCIAL SERVICES willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
57. CREDIT MANAGEMENT L.P. willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
58. MONEY CONTROL willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
59. FNCC willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
60. SPORT LEASING willfully and negligently failed to validate Plaintiff's allege debt and continues to report to Credit Bureau in violation of FDCPA section 809(b).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a. Actual damages in an amount to be shown at trial:
b. Statutory damages pursuant to FCRA 1681n;
c. Punitive damages pursuant to FCRA 1681n;
d. Temporary and permanent injunctive relief restraining Defendants from further reporting of inaccurate and erroneous adverse information regarding Plaintiff's consumer credit information;
e. Costs and reasonable attorney's fees; and
f. Such other relief as may be just and proper.

CHERYL REED JOHNSON
8326 Swan Meadow
Humble, TX 77338
Pro Se